**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|                               |   |                         |
|-------------------------------|---|-------------------------|
| **UNITED STATES OF AMERICA,** ) |   |                         |
|                               ) |   |                         |
| **Plaintiff,**                ) |   |                         |
|                               ) |   |                         |
| v.                            ) |   | Case No. 10-20045-JWL   |
|                               ) |   |                         |
| **MICHAEL D. WELCH,**         ) |   |                         |
|                               ) |   |                         |
| **Defendant.**                ) |   |                         |

## MEMORANDUM AND ORDER

On July 26, 2010, defendant Michael D. Welch pled guilty without a plea agreement to felony possession of ammunition (docs. 14, 20). He received a 204-month sentence on November 9, 2010. Mr. Welch then filed a direct appeal, challenging the procedural reasonableness of his sentence. The Tenth Circuit Court of Appeals affirmed the defendant's sentence on September 8, 2011 (doc. 31).

This matter comes before the court on Mr. Welch's Motion to Correct Court's Error (doc. 41). For the reasons set forth below, this motion is granted in part and denied in part.

**1. Recharacterization of Letter to the Court**

Mr. Welch mailed a letter to the court on November 8, 2011. The Clerk of the Court docketed the letter as both a Motion to Appoint New Counsel (doc. 33) and a Motion to Vacate under 28 U.S.C. § 2255 (doc. 34). Mr. Welch contends that the court

erroneously construed his letter as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He requests that the court construe his letter only as a motion requesting assistance of counsel. The government does not oppose the defendant's request.

After reviewing Mr. Welch's letter, the court is prepared to construe it only as a Motion Requesting Assistance of Counsel. The Clerk of the Court shall amend the docket by removing document 34–Motion to Vacate under 28 U.S.C. § 2255.

**2. Limitations Period for Filing a § 2255 Petition**

Mr. Welch also requests that "the Clock to file his 28 U.S.C. § 2255 be started and activated" (doc. 41, at 3). Although unclear, the court construes this request as a motion to modify or extend the § 2255 period.

Under 28 U.S.C. § 2255(f), a criminal defendant may filed a petition for habeas corpus within one year from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant files an appeal, his conviction becomes final "when

the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). "A district court has no authority to grant an extension of time to file a § 2255 motion." *United States v. Butler*, Nos. 05-0004, 08-0527, 2009 WL 204203, at * 1 (N.D. Okla. Jan. 23, 2009) (citing *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a "federal court would not have jurisdiction to consider [defendant's] motion to extend time")).

Here, the appellate judgment against Mr. Welch was entered on September 8, 2011. His conviction became final when time expired for filing a petition for certiorari–90 days from the entry of judgment. The 90-day time expired, and Mr. Welch's conviction became final for purposes of § 2255 limitations period, on December 8, 2011. As such, the defendant's limitations period will run on December 8, 2012, and this court has no authority to grant an extension of time.

Thus, Mr. Welch's request to modify or extend the § 2255 limitations period is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Correct Court's Error (doc. 41) is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT** that the Clerk of the Court shall amend the docket by removing document 34–Motion to Vacate under 28 U.S.C. § 2255.

**IT IS SO ORDERED** this 1st day of May, 2012.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge